**Edelgard HAUSSMANN, Plaintiff,**

v.

**CHICAGO BOARD OF EDUCATION, et al., Defendants.**

No. 90 C 003.

United States District Court,
N.D. Illinois, E.D.

May 22, 1990.

Wayne B. Giampietro, Gregory N. Freerksen and Brian M. Montgomery, Wit-wer, Burlage, Poltrock & Giampietro, Chicago, Ill., for plaintiff.

Patricia J. Whitten, Ted G. Goldsmith and Respicio F. Vazquez, Bd. of Educ. for the City of Chicago, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Following her termination, plaintiff Edelgard Haussmann filed this § 1983 action against the Chicago Board of Education (the "School Board"). Haussmann contends that she was terminated without notice and a hearing, in violation of her due process rights. Seeking reinstatement to her former teaching position, Haussmann filed a motion for a preliminary injunction on February 27, 1990. While that motion was pending, she was reinstated by the School Board. Haussmann resumed her teaching duties on May 1, 1990. Consequently, Haussmann's initial request for a preliminary injunction is moot. However, Haussmann now seeks to enjoin the School Board and certain administrators from terminating her without due process.

▉ To obtain a preliminary injunction, Haussmann must establish the following:

(1) that [she] has no adequate remedy at law;

(2) that [she] will suffer irreparable harm if the preliminary injunction is not issued;

(3) that the irreparable harm [she] will suffer if the preliminary injunction is not granted is greater than the irreparable harm the defendant will suffer if the injunction is granted;

(4) that [she] has a reasonable likelihood of prevailing on the merits; and

(5) that the injunction will not harm the public interest.

*Curtis v. Thompson*, 840 F.2d 1291, 1296 (7th Cir.1988) (quoting *Brunswick Corp. v. Jones*, 784 F.2d 271, 273–74 (7th Cir.1986)). The granting of preliminary injunctive relief is within the sound discretion of the court. *Id.* A preliminary injunction is an

extraordinary remedy, and the movant must make a "clear showing" that she is entitled to such relief. 11 C. Wright & A. Miller, Federal Practice and Procedure § 2948, at 428–29 (1973).

 After considering the factors set forth in *Curtis, supra,* the court finds that Haussmann is not entitled to a preliminary injunction. Haussmann has not clearly shown that an irreparable injury will occur before a trial on the merits is conducted. She has already been reinstated and provided with a teaching schedule. Aside from Haussmann's unsubstantiated assertion that she may be unlawfully terminated at some unidentified time in the future, there is no evidence that the school board intends to take such action. A movant cannot demonstrate an irreparable injury through mere speculation or an unfounded fear. *Public Serv. Co. of N.H. v. Town of W. Newbury,* 835 F.2d 380, 383 (1st Cir.1987); *Goldie's Bookstore, Inc. v. Superior Court,* 739 F.2d 466, 472 (9th Cir.1984); Wright & Miller, *supra,* at 436–37. "[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury. A presently existing actual threat must be shown." Wright & Miller, *supra,* at 437. Having resumed her teaching duties, Haussmann has failed to demonstrate a presently existing actual threat. For this reason, Haussmann's motion for a preliminary injunction is denied.

Haussmann has also filed a motion for summary judgment, wherein she claims that she is entitled to compensatory and punitive damages, and permanent injunctive relief. For purposes of resolving those claims, the parties are hereby ordered to appear in chambers for a pretrial settlement conference on May 31, 1990, at 8:30 a.m.